Nicholson, C. J.,
delivered the opinion of the Court.
This is a bill to restrain the corporation of Jones-boro from enforcing an ordinance by which all licensed retailers of liquors are required to close their doors and cease selling at dark each day.
Complainant was a retailer, licensed by the corporate and State authorities before the passage of the ordinance requiring retailers to close up at dark. His license was, in general terms, authorizing him to retail for twelve months, which term had not expired when the regulating ordinance was passed. He disregarded the ordinance and proceeded to sell after dark. Forth is violation of the ordinance he was arrested and fined; and now brings his bill to restrain the corporation from proceeding to enforce the penalty of the ordinance.
The only question which it is necessary to notice, is that which involves the power of a municipal corporation, after having granted a license in general terms to retail liquors, to pass an ordinance restraining him from selling after dark under that license.
In the case of Smith & Lackey v. Knoxville, 3 Head, 245, we held that the prescribing of a time at which licensed retailers should close their houses, was a police regulation, for the good order and quiet of towns and *259 cities. When the State grants the license to retail, it is always implied that the privilege is to be exercised in subordination to the police powers of the towA or city. Hence, in that case it was held, that an ordinance requiring retailers to cease selling at 9 o’clock •at night, was no violation of the rights of the retailer acquired by his license. The court said: “ It must-be .left to the corporate authorities to determine what restrictions upon their trade are required for the general good, and unless they are unreasonable or oppressive, they are valid and will be maintained.”
The license is granted to a retailer both by the State and by the municipal authorities in the exercise of the taxing power. It is intended to furnish him with evidence that he has bought and paid for the privilege of retailing for a specified time within the corporate limits. He takes this privilege, however, subject to such reasonable exercise of the police powers as the corporate authorities may deem necessary to preserve order and quiet, and to prevent nuisances. The only question in the case - is, whether the ordinance requiring retailers to close their houses at dark was unreasonable o-r oppressive? The Mayor and Aldermen of Jonesboro were the proper persons to determine what restrictions were proper for the preservation of peace and good order in that town during the night time. The presumption is, that they have discharged their trust with fidelity; nor can we assume to say that the ordinance in question was either unreasonable or oppressive. It left to complainant the entire day for the exercise of his privilege, and only *260 restricted its exercise after a period when the corporate authorities deemed it necessary for good order and quiet that spirituous liquors should cease to be retailed.
We are of opinion that the demurrer was well taken as to this point, and was erroneously overruled. The decree overruling the demurrer is reversed and the bill dismissed with costs..